### No. 371
### GELLER v. GELLER
### No. 19689. Supreme Court

On motion to certify. Dock. Mar. 15, 1926; 4 Abs. 192.

APPEAL AND ERROR—May a reviewing court place a money value upon highly prejudicial testimony, admittedly erroneously received in evidence, and affirm a judgment based upon a verdict returned by a jury under the influence of passion and prejudice engendered by such evidence, by merely requiring a remittitur in the amount?

This cause was instituted by Blanche Geller, as plaintiff, in the Lucas Common Pleas, against Myrtle Geller, the plaintiff in error herein, to recover damages for the alleged alienation of the affections of Leroy Geller, former husband of Blanche Geller.

Trial was had, and, over the objection of the defendant, the plaintiff was permitted to introduce two obscene letters not written by or to either of the parties to the suit, nor by or to the former husband of the plaintiff, nor by or to any party charged in the petition with wrong doing. These objectionable letters were read and reread in the course of the argument by counsel for the plaintiff, and were taken into the jury room by the jury, all over the vigorous objections and exceptions of counsel for plaintiff in error.

The evidence shows that the Gellers were married in 1905. They separated in November of 1921, and, in June, 1923, Blanche Geller obtained a divorce. Leroy Geller then married Myrtle Geller, the plaintiff in error, and three months later Blanche Geller brought this suit.

At the trial Blanche Geller produced alleged copies of two letters, of such an obscene nature as to rouse any normal human being to extreme passion and prejudice. The letters, admittedly, were not written by or to any party charged with wrong doing in the petition, but were purloined from the custody and possession of an utter stranger; and they were copied by the plaintiff, according to her own testimony, in the presence of no third person, with no one to check the copyist.

The jury rendered a verdict for the plaintiff

## OHIO SUPREME COURT—Continued

and assessed the damages at $50,000. Judgment was rendered accordingly by the trial court.

Proceedings in error were in due time instituted by Myrtle Geller in the Court of Appeals, and upon hearing had, the Court found (1) that the trial court erred in admitting these indecent letters, and (2) that the jury fixed the damages at an unreasonable amount, yet affirmed the judgment of the trial court, provided the plaintiff would remit $15,000 from the amount of the judgment. This amount the plaintiff remitted. Whereupon, the Court of Appeals sustained the judgment in the amount of $35,000.

Myrtle Geller, in the Supreme Court, contends:

1. That she did not have a fair trial before an unprejudiced jury.

2. That the trial court erred in admitting the copies of the letters.

3. That the Court of Appeals erred by placing a money value on prejudicial evidence erroneously admitted.

Attorneys—Miller, Brady, Yager & Leidy, for Myrtle Geller; Ritter & Brumback, for Blanche Geller; all of Toledo.